

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

ENTERED
10/19/2010

GALVESTON DIVISION

| | |
|---|---|
| IN RE<br><br>PEARLAND SUNRISE<br>LAKE CENTER, L.P.,<br><br><br><br><br>Debtor,<br><br>CITY NATIONAL BANK,<br><br>Plaintiffs,<br>v.<br><br>PEARLAND SUNRISE<br>LAKE CENTER, L.P., ET AL.,<br><br>Defendants. | CASE NO. 10-11927<br>(Pending before the United<br>States Bankruptcy Court for<br>the Western District of<br>Texas)<br><br><br><br><br><br><br><br><br>ADV. NO. 10-8064 |

<u>MEMORANDUM OPINION</u>

The court has considered the "Motion to Transfer Venue of Adversary Case No. 10-AP-8064" (Docket No. 4) filed by City National Bank. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered transferring the above captioned adversary proceeding to the United States District Court for the Western District of Texas.[1] To the extent any of the Findings of Fact are considered

---

[1] The court makes no finding or conclusion on the questions, presented in motions filed before the state court and this court, to permit various counsel to withdraw, and to remand the instant adversary proceeding to the state court whence it came. This court also makes no determination as to the referral of the instant matter to the Bankruptcy Court in the Western District.

Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Southeast Regency Medical Center, LP ("SRMC"), Pearland Sunrise Lake Village II, LP ("PSLV2"), Pearland Sunrise Lake Village I, LP ("PSLV1"), and Pearland Sunrise Lake Center, LP ("PSLC") filed voluntary petitions under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Texas, on July 9, 2010. Pearland Corners II, LP ("PCII") filed a voluntary petition under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Texas, on September 3, 2010.

SRMC, PSLV2, PSLV1, PSLC, and PCII each own real property in Brazoria County, Texas. Their office address is in Marble Falls, Texas.[2]

In the PSLC case, City National Bank ("CNB") filed a motion to transfer venue of the Chapter 11 case to the Southern District of Texas. That motion was denied. (CNB Exhibit 4, at Docket No. 32).

Prior to the filing of their Chapter 11 petitions, SRMC, PSLC, PSLV1, PSLV2, and PCII were all plaintiffs in a suit

---

[2]The court takes judicial notice that Marble Falls is located in Burnet County, Texas, within the Western District of Texas.

2

filed in the 23rd Judicial District Court of Brazoria County, Texas. Initially, SRMC, PSLC, PSLV1, PSLV2, PCII, and Park Avenue Townhomes, LLC sued an insurance carrier and insurance agents on claims related to insurance coverage for damage to their real property from Hurricane Ike. CNB intervened, asserting an entitlement to the insurance proceeds, on grounds of breach of contract; and fraudulent transfers from SRMC and PSLC to PSLV1, PSLV2, PCII, and Park Avenue Townhomes, LLC. CNB also asserted third party claims against guarantors of debts owed by SRMC and PSLC. Frisch Contracting Group, Inc. ("FCG") asserting a materialman's lien claim. Cross Check Public Adjuster's Inc. ("CCPA") also intervened, asserting a right to a portion of the insurance proceeds based on contracts with the plaintiffs. Omnibank, N.A. also intervened, asserting an entitlement to the insurance proceeds, on grounds of a deed of trust. The suit was removed to this court, and was designated as the instant adversary proceeding. (Docket No. 1).

On July 1, 2010, the state court issued an order approving the allocation of settlement funds. (FCG Exhibit 1).

In the instant motion, CNB seeks transfer of venue to the United States Bankruptcy Court for the Western District of Texas, because the Chapter 11 cases of SRMC, PSLC, PSLV1, PSLV2, and PCII are all pending in that court. PSLC does not oppose transfer. (Docket No. 4).

3

FCG opposes transfer, and requests remand to the state court. FCG asserts that the relation of this adversary proceeding to the PSLC bankruptcy case is slight, and has no effect on the PSLC bankruptcy estate, because the court has lifted the automatic stay. FCG asserts that the state court is better suited to adjudicate the claims in the instant adversary proceeding. (Docket No. 8).

PSLC opposes remand to the state court, asserting that it would face an undue hardship if forced to pursue its Chapter 11 case in one district and litigate in another. (Docket No. 29).

CNB opposes remand to the state court, asserting that consolidation before one judge will avoid piecemeal consideration of the issues, inconsistent results, and additional expense. (Docket No. 30).

Gilman & Allison, which represented the plaintiffs in state court, seeks consideration of its motion to withdraw before the court considers the motion to transfer. (Docket No. 12).

In its Schedule A, PSLC listed two parcels of real property with an aggregate value of approximately $5 million. PSLC listed its claims in the suit with an aggregate value of approximately $1.13 million. (FCG Exhibit 9).

## Conclusions of Law

In considering whether to transfer an adversary

proceeding, the court considers private interest factors (relative ease of access to sources of proof; availability of compulsory process to secure the attendance of witnesses; cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious, and inexpensive) and public interest factors (administrative difficulties flowing from court congestion; local interest in having localized issues decided at home; familiarity of the forum with the law that will govern the case; and avoidance of unnecessary problems of conflict of laws or in the application of foreign law). In Re Volkswagen of America, Inc., 545 F.3d 304 (5th Cir. 2008).

With respect to the instant motion, no evidence was presented as to the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, or the cost of attendance for willing witnesses. There is also no evidence of any differential in court congestion, familiarity of the forum with the law that will govern, or conflict of law issues. The remaining issues are those regarding practical problems that make trial easy, expeditious, and ineffective, and the local interest in having localized issues decided at home. PSLC has asserted claims in the instant adversary proceeding which appear to represent a significant portion of its total assets. It is clear that PSLC

has an interest in having the claims in the instant adversary proceeding considered by the court in which its Chapter 11 case is pending, in that resolution of the claims almost certainly has an effect on PSLC's reorganization prospects. The court concludes that the issues of easy, expeditious trial, and of having localized issues decided at home weigh in favor of transfer.[3]

Based on the foregoing, a separate Judgment will be entered transferring the above captioned adversary proceeding to the United States District Court for the Western District of Texas.

Signed at Houston, Texas on October 19, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes, however, that the balance is somewhat precarious, and this court's determination to transfer the instant adversary proceeding to the Western District of Texas does not preclude that court from determining that the matter should be remanded to the state court.